The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Garner. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
*******************
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina's Workers' Compensation Act.
2. The Employer-Employee relationship existed between the Plaintiff and the Defendant-Employer.
3. The Travelers Insurance Company was the compensation carrier on the risk.
4. Plaintiff's average weekly wage was $440.00, which yields a compensation rate of $293.33 per week.
5. Plaintiff is alleging an injury by accident or a specific traumatic incident which occurred on September 20, 1995, resulting in a hernia.
6. The Defendant-Employer has denied liability.
7. The issue to be determined by the Commission is whether Plaintiff in fact suffered from an injury by accident or a specific traumatic incident as alleged.
*******************
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. On September 20, 1995, Plaintiff was employed by Defendant-employer as a pipe installer. During the week of September 20, 1995, through September 22, 1995, Plaintiff's duties required him to install pipes and to lift beams. This was his regular job. Plaintiff did not report any injury to his employer during that week.
2. The following Monday, Plaintiff reported a hernia and went for medical treatment. Plaintiff listed on the accident report that the date of injury was between September 20, 1995, and September 22, 1995. He further listed the time of injury as unknown, but he believed it occurred while lifting I-beams.
3. On September 26, 1995, Plaintiff gave a recorded statement to a representative of the carrier. Plaintiff reported that he thought it involved lifting the I-beams. He indicated, "I think I was pulling on it when it happened. But I don't really know when it did happen. Sometimes last week."
4. Plaintiff first felt pain in the groin area over the weekend and reported it on Monday. Specifically, Plaintiff indicated in the recorded statement that he noticed it on Sunday when he noticed a little swelling and a burning sensation.
5. Based on the above testimony, Plaintiff did not suffer a specific traumatic incident as alleged.
*******************
Based upon the findings of fact, The Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Since Plaintiff did not suffer a specific traumatic incident, he is not entitled to benefits under the Workers' Compensation Act N.C.G.S. § 97-2.
2. Since Plaintiff did not carry the burden of proof in this case, he cannot prevail.
*******************
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Plaintiff's claim for workers' compensation benefits is hereby DENIED.
2. Each side shall pay its own costs.
 S/ ______________________ MARY MOORE HOAG DEPUTY COMMISSIONER
CONCURRING:
S/ ______________________ DIANNE C. SELLERS COMMISSIONER
S/ ______________________ COY M. VANCE COMMISSIONER